UNITED STATES DISTRICT COURT
FOR THE NORTHER DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| YOLANDA R. DAVIS, | ) |
|     Plaintiff, | ) ) ) |
| v. | )    Civil Case No.: |
| ADVOCATE HEALTH CARE d/b/a ILLINOIS MASONIC HOSPITAL, | ) ) ) ) |
|     Defendant, | ) |

**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, YOLANDA R. DAVIS (hereinafter "Plaintiff" or "Davis"), and files her Complaint against Defendant ADVOCATE HEALTH CARE d/b/a ILLINOIS MASONIC HOSPITAL (hereinafter "Defendant" or "Advocate") and states the following:

**NATURE OF THE CLAIMS**

1. This is an action for monetary damages, pursuant Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. (hereinafter "Title VII") and Illinois common law to redress Defendant's unlawful sexual harassment of Plaintiff, Defendant's discriminatory and retaliatory employment practices against Plaintiff because of her sex and Defendant's intentional infliction of emotional distress leading to Plaintiff's constructive discharge.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under Title VII.

1

3. This Court has supplemental jurisdiction over Plaintiff's common law claims pursuant to 28 U.S.C. § 1367(a) because they arise from the same common nucleus of operative fact as Plaintiff's federal claims.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in this district.

## THE PARTIES

5. Plaintiff, DAVIS, is a citizen of the United States and was at all times material a citizen of the State of Illinois, residing in Cook County, Illinois.

6. Defendant, ADVOCATE, is an Illinois Non-For-Profit Corporation.

7. Defendant is an employer as defined by the laws under which this action is brought and employs the requisite number of employees.

## PROCEDURAL REQUIREMENTS

8. Plaintiff has complied with all statutory prerequisites to filing this action.

9. On March 27, 2019, Plaintiff filed a timely claim with the Equal Employment Opportunity Commission (hereinafter "EEOC") against Defendant, satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e), based on sexual harassment, sex, and retaliation.

10. Plaintiff's EEOC charge was filed within three hundred (300) days after the alleged unlawful employment practices occurred.

11. On June 12, 2019, the EEOC issued a Dismissal and Notice of Rights.

12. This Complaint was filed within ninety (90) days following Plaintiff's receipt of the EEOC's Dismissal and Notice of Rights.

## FACTUAL ALLEGATIONS

13. Plaintiff is a female.

14. Plaintiff worked for Defendant as a Patient Care Tech from January 2018 until her constructive discharge in April 2019.

15. Because of her sex, Plaintiff was targeted, treated in a disparate manner, and subjected to severe and pervasive sexual harassment. No similarly situated males were treated in the same manner as Plaintiff.

16. Plaintiff's female co-worker Sharon Jackson sexually harassed Plaintiff. Ms. Jackson repeatedly made sexually explicit comments such as stating to Plaintiff "I [Ms. Jackson] like black girls with ass and titties," and that "I [Ms. Jackson] want to marry you [Plaintiff]" implying Ms. Jackson is sexually attracted to Plaintiff.

17. Ms. Jackson also expressed to Plaintiff on multiple occasions she thought Plaintiff was "beautiful," sent Plaintiff inappropriate emails and text messages professing her love and romantic feelings for Plaintiff, including statements that Ms. Jackson doesn't like rejection, and that she understands Plaintiff comes with "the package deal" referring to Plaintiff's children.

18. Plaintiff rebuffed each and every one of Ms. Jackson's advances and reported the sexual harassment to Shelly Jones, Registered Nurse, and Cathy Rodriguez, Director of Nursing. Neither Ms. Jones nor Ms. Rodriguez took remedial action.

19. Instead, Ms. Rodriguez suspended Plaintiff and falsely accused Plaintiff of sending inappropriate text messages to Ms. Jackson – Plaintiff did no such thing.

20. The sexual harassment continued and Robert Favaro, Human Resources became involved. Mr. Favaro conducted a minimal "investigation" into Plaintiff's complaint. Instead of taking remedial action, Mr. Favaro required Plaintiff to seek assistance through Defendant's

employee assistance program or face termination. Defendant's extreme and outrageous behavior caused Plaintiff to suffer from severe emotional distress.

21. Plaintiff inquired about a transfer to remove herself from the discriminatory and hostile work environment. Defendant denied Plaintiff's request and notified Plaintiff she would have to apply for a specific position if she wanted to transfer.

22. Plaintiff complied and applied for approximately four positions she was qualified for. Defendant rejected Plaintiff for each position.

23. Defendant further retaliated against Plaintiff for reporting the sexual harassment when Ms. Rodriguez told Plaintiff in no uncertain terms that she "needed to find another job" and that Plaintiff was "bringing trouble to the floor." Defendant's extreme and outrageous comments made its intentions to target Plaintiff clear and continued to cause Plaintiff severe emotional distress.

24. Defendant then began to fabricate issues with Plaintiff's attendance, even issuing her a baseless coaching. Prior to Plaintiff's complaints of sexual harassment, Defendant never raised any concerns with Plaintiff attendance which highlights Defendant's retaliatory motives in disciplining Plaintiff.

25. Defendant continued to fail to take remedial action and the hostile work environment worsened. Plaintiff's co-workers continued harassing her calling her "Heifer," "Big lips," and commenting that Plaintiff "looks like a man."

26. Ms. Jackson's discriminatory and harassing behavior continued to escalate. Despite Plaintiff's efforts to avoid Ms. Jackson, Plaintiff passed her in the hallway one day and Ms. Jackson called her "a bitch."

27. To further harass and target Plaintiff, Ms. Jackson began spreading rumors in the workplace that Plaintiff was engaging in sexual relationships with other co-workers. Ms. Jackson's escalation confirmed Plaintiff's fears that Defendant was not taking any remedial action to address her complaints.

28. The harassment and hostile work environment had gotten so severe that Plaintiff's health began to suffer. At a doctor's appointment in or about March 2019, Plaintiff's doctor became alarmed and advised she needed to take a leave of absence from work.

29. Plaintiff notified Defendant she would be taking a leave of absence for at least 30 days to recover from the harassing and hostile work environment to which she was subjected because of Defendant's inaction.

30. As her leave came close to an end, Plaintiff realized that Defendant's inaction in addressing the harassment and hostile work environment left Plaintiff with no option other than to tender her resignation.

**Count I: Sexual Harassment in Violation of Title VII**

31. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-30 above.

32. Defendant's sexually harassing actions and comments were so frequent and severe that it created hostile work environment.

33. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-

confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

34. Defendant's unlawful conduct in violation of title VII was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

## Count II: Sex Based Discrimination in Violation of Title VII

35. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-30 above.

36. At all times relevant to this action, Plaintiff was in a protected category under Title VII because of her sex, female.

37. Defendant is prohibited under Title VII from discriminating against Plaintiff because of her sex with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

38. Defendant violated Title VII by terminating and discriminating against Plaintiff based on her sex.

39. Defendant intentionally discriminated against Plaintiff on the basis of her sex.

40. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

41. Defendant's unlawful conduct in violation of Title VII was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

### Count III: Retaliation in Violation of Title VII

42. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-30 above.

43. Plaintiff engaged in protected activity under Title VII on more than one occasion while employed by Defendant.

44. Defendant engaged in intentional retaliation against Plaintiff for her participation in protected activity.

45. Defendant's conduct violated Title VII.

46. Plaintiff has satisfied all statutory prerequisites for filing this action.

47. Defendant's discriminatory conduct, in violation of Title VII, has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which she is entitled to damages.

48. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

49. Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling her to punitive damages.

### Count IV: Intentional Infliction of Emotional Distress

50. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-30 above.

51. Defendant sexual harassment of, discrimination against, and retaliation against Plaintiff was intentional or at minimum reckless.

52. Defendant's conduct was extreme and outrageous.

53. Defendant's extreme and outrageous conduct caused Plaintiff to suffer from severe emotional distress.

54. Plaintiff suffered from severe emotional distress.

### Count V: Constructive Discharge

55. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-30 above.

56. Defendant deliberately created intolerable working conditions as it failed to provide a work environment free from discrimination, harassment, and hostility.

57. Defendant's actions were done with the intent to drive Plaintiff to resign as Defendant was repeatedly on notice of Plaintiff's complaints and witnessed the discrimination and harassment first-hand and failed to take remedial action.

58. Defendant's deliberate actions forced Plaintiff to resign her position

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, and prejudgment interest thereon;

b) Grant Plaintiff her costs and an award of reasonable attorneys' fees (including expert fees); and

c) Award any other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Plaintiff hereby requests a trial by jury on all triable issues herein.

Dated: September 9, 2019　　　　　　　Respectfully Submitted:

/*s/ Abby Salzer*
Abby Salzer
Florida Bar No. 0591475
Gary Martoccio
Illinois Attorney Registration No. 6313431
**Spielberger Law Group**
111 W. Jackson, Suite 1700
Chicago, IL 60604
T: (800) 965-1570
F: (866) 580-7499
Abby.Salzer@spielbergerlawgroup.com
Gary.Martoccio@spielbergerlawgroup.com

*Counsel for Plaintiff*